No. 30,665.

THE STATE OF KANSAS, ex rel. ERNEST J. MALONE, as County Attorney, etc., *Appellant,* v. B. M. DREILING, as Justice of the Peace, etc., *Appellee.*

Opinion denying a rehearing filed October 8, 1932. (For original opinion of reversal see *ante,* p. 78, 14 P. 2d 644.)

*Roland Boynton,* attorney-general, *R. O. Mason, E. E. Steerman,* assistant attorneys-general, and *Ernest J. Malone,* county attorney, for the appellant.

*B. W. Brooke* and *Edward E. Haney,* both of Hays, for the appellee.

The opinion of the court was delivered by

BURCH, J.: In the statute defining the authority of constables the territory within which a constable may act is twice specifically

limited to the county. (R. S. 80-701, 80-702.) The court held this territory may not be enlarged except by a statute of enlargement, and R. S. 62-605 does not authorize a constable to go beyond the confines of his county to make an arrest except in what amounts to fresh pursuit. It is contended in a petition for rehearing that a sheriff has no more authority to go outside the county to serve criminal process issued by a justice of the peace than a constable.

The statute defining the authority of sheriffs contains no limitation similar to that contained in the statute relating to constables, and grants general authority to execute process issued and delivered to him. (R. S. 19-812.) Because there is no territorial limitation on the authority of a sheriff to execute a warrant of arrest, the contention is not well founded.

The petition for rehearing is denied.