Lloyd James KAY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-81-756.

Court of Criminal Appeals of Oklahoma.

Aug. 16, 1983.

 

D.D. Hayes, Muskogee, for appellant.

Jan Eric Cartwright, Atty. Gen., Dena L. Bates, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

The appellant, Lloyd James Kay, was charged with Unlawful Cultivation of Marijuana and Unlawful Possession of Marijuana with Intent to Distribute in violation of 63 O.S.1971, §§ 2–509(1) and 2–401 B(2) in Case No. CRF–80–494. The appellant, represented by counsel, waived a jury trial and was tried in the District Court of Muskogee County before the Honorable William H. Bliss. The trial court found the appellant guilty on both counts and sentenced him to five (5) years' imprisonment on each count, to run concurrently, and further ordered him to pay a fine of ten thousand dollars ($10,000). From this judgment and sentence, the appellant has perfected his appeal to this Court.

After a preliminary hearing, the appellant and the State entered into a written stipulation of the following facts. At approximately 5:00 p.m. on October 24, 1980, Richard Slader, a police officer for the Muskogee Police Department, received a telephone call from a confidential informant that a barn on and a field near the appellant's premises contained marijuana. Upon receipt of this information, Officer Slader prepared an affidavit and obtained a search warrant for the Kay premises.

Since the Kay farm was located approximately five miles outside the city limits of Muskogee, Officer Slader contacted Gary Rogers, a member of the Oklahoma Highway Patrol, to assist in the execution of the warrant. Rogers, another highway patrolman and several Muskogee City Police officers, including Officer Slader, went to the appellant's farm. At approximately 9:00 p.m. on the same evening, the officers arrived at the appellant's farm and Rogers handed him the search warrant. The other officers proceeded to search the premises. The officers found a considerable amount of marijuana in the barn on the appellant's premises and even more marijuana growing in a field near the Kay farm. Officer Slader testified that he searched the barn and field, signed the return on the warrant and took charge of all the evidence, delivering it to the crime lab.

In his sole assignment of error, the appellant contends that the trial court erred by overruling his motion to suppress the evidence obtained as a result of the search. The appellant argues that the officers did not follow several statutorily required procedures for executing a search warrant, and therefore the evidence obtained with that warrant should have been suppressed.

First, the appellant maintains that the search warrant did not have a directive which would specifically include highway patrolmen, therefor Patrolman Rogers could not serve the warrant. That warrant contains the following directive:

To the Sheriff of Muskogee County or any Police Officer in the State of Oklahoma.

All search warrants must substantially comply with the form provided in 22 O.S.1981, § 1226 which contains the following directive: "to any Sheriff, policeman or law enforcement officer in the County of ———." In addition, 22 O.S.1981, § 1227, provides that:

A search warrant may in all cases be served by any of the officers mentioned in its direction, but by no other person except in aid of the officer, on his requiring it, he being present, and acting in its execution.

The question raised in the appellant's assignment of error is whether Patrolman Rogers had the authority to serve the warrant.

Title 74 O.S.1981, § 149 authorizes officers of the State Highway Patrol to exercise the power of search and seizure. However, this Court interpreted that section,

which has remained unchanged since its enactment in 1939, in *Mitchell v. State,* 74 Okl.Cr. 416, 127 P.2d 211 (1942). In *Mitchell,* the search warrant read as follows:

> To any sheriff, constable, marshal or policeman in the County of Pontotoc, and any peace officer in Pontotoc County, Oklahoma, Greeting:

Three investigators for the Department of Public Safety served the search warrant in *Mitchell.* As stated in *Mitchell:*

> [T]his Court intends to give full effect to the legislative enactment conferring the right of search and seizure on state investigators and highway patrolmen in certain instances, but it will not by inference extend the right of an investigator or patrolman to make such search and seizure where the warrant is not specifically directed to them.

*Id.,* at 213.

■ The search warrant in the instant case was not specifically directed to any highway patrolmen. Therefore, Patrolman Rogers did not have the authority to serve the warrant. However, this Court did include an exception to this rule which is similar to 22 O.S.1981, § 1227. In *Mitchell,* this Court stated that a highway patrolman could assist in the search is an officer of the county to whom the writ was directed was present. Thus Patrolman Rogers could serve the warrant if he assisted the Sheriff of Muskogee County or any police officer authorized to conduct a search of the Kay farm.

■ This leads to the appellant's next argument which is that the Muskogee police officers did not have the authority to conduct a search and seizure outside the city limits of Muskogee. In *Graham v. State,* 560 P.2d 200 (Okl.Cr.1977), this Court stated that exceptions "to the general rule that a police officer's authority cannot extend beyond his jurisdiction," could be created either by statute or caselaw. This Court recognized such an exception in the recent case of *Guthrie v. State,* 668 P.2d 1147 (Okl.Cr.1983), in which we held that a municipal police officer may properly serve a warrant anywhere in the county when

directed to do so in the search warrant. Therefore, the police officers, in the instant case, had the authority to conduct the search and Patrolman Rogers, who assisted them, could properly serve the warrant based on the language of 22 O.S.1981, § 1227. See also, 11 O.S.Supp. 1982, § 28–114.

■ The appellant's final contention is that the magistrate improperly inserted a direction that the warrant could be served at any time of the day or night. Relying on 22 O.S.1981, § 1230. The appellant argues that the affidavit did not indicate that the marijuana would be quickly destroyed, moved or concealed and therefore, the judge could only direct the officers to serve the warrant during the daytime. However, the likelihood that the appellant could destroy, move or conceal an unknown quantity of marijuana before the following morning is great enough that the judge did not abuse his discretion in so directing.

For the above and foregoing reasons, the judgment and sentence of the trial court is hereby AFFIRMED.

BUSSEY, P.J., and CORNISH, J., concur.