No. 68,931

STATE OF KANSAS, *Appellant*, v. ROBERT L. SODDERS, *Appellee*.
(872 P.2d 736)

Opinion filed April 15, 1994.

*Stephen M. Howe,* assistant district attorney, argued the cause, and *Paul J. Morrison,* district attorney, and *Robert T. Stephan,* attorney general, were with him on the brief for appellant.

*Michael J. Bartee,* assistant district defender, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HOLMES, C.J.: This is an interlocutory appeal by the State from a district court order suppressing evidence. The district court granted defendant's motion to suppress the evidence, finding that the police acted outside their jurisdiction. The Kansas Court of Appeals, in a published opinion, 18 Kan. App. 2d 657, 856 P.2d 1360 (1993), affirmed the district court. This court granted the State's petition for review.

The facts are not in dispute. On March 14, 1990, Overland Park Police Detectives Russ Gardner and Mark Meyer obtained a search warrant from Johnson County District Judge Earle D. Jones. The search warrant was for the apartment of the defendant, Robert L. Sodders, in Lenexa, Johnson County, Kansas.

Prior to execution of the warrant, the Overland Park police detectives contacted Lenexa Police Sergeant Dave Burger, told him they were going to execute a search warrant in Lenexa, and requested assistance. The Lenexa Police Department dispatched three uniformed officers to provide security at the apartment. Detective Meyer obtained a key from the apartment manager and used it to enter the residence. All five officers entered the apartment. Detectives Meyer and Gardner executed the search warrant. The three Lenexa officers were there for security only and did not participate in the search.

In the residence, the detectives found two plastic bags containing green leafy vegetation, one wallet, one letter, O'Haus scales, plastic Baggies, a brown marble box, one plate, Zig-zag papers, one address book, and one telephone bill. Detective Gardner testified that there was marijuana on the plate and in the marble box. Detective Gardner filled out and signed the "Inventory, Receipt and Return to Search Warrant" form.

The defendant filed several pretrial motions, including a motion to suppress the evidence seized from his apartment. The court granted defendant's motion to suppress, finding the Overland Park police officers executed the warrant outside their jurisdiction in violation of K.S.A. 22-2401a.

This case involves the interpretation and interaction of two statutes. First, K.S.A. 22-2505 states: "A search warrant shall be issued in duplicate and shall be directed for execution to all law enforcement officers of the state, or to any law enforcement officer specifically named therein."

The second statute, K.S.A. 22-2401a, states in relevant part:

"(2) Law enforcement officers employed by any city may exercise their powers as law enforcement officers:

(a) Anywhere within the city limits of the city employing them and outside of such city when on property owned or under the control of such city; and

*(b) in any other place when a request for assistance has been made by law enforcement officers from that place or when in fresh pursuit of a person."* (Emphasis added.)

It is undisputed that the Lenexa officers never requested or sought assistance from the Overland Park police. The State contends that K.S.A. 22-2505 authorizes police officers statewide authority to execute search warrants. The State maintains that both a proper application of the rules of statutory construction and the legislative history surrounding the passage of K.S.A. 22-2505 demonstrate that the Overland Park police detectives were acting within their authority in executing a search warrant in Lenexa.

In affirming the district court's ruling, the Court of Appeals held that the language of K.S.A. 22-2401a places a geographic limitation on the exercise of all law enforcement powers, including the execution of search warrants. In pertinent part, the Court of Appeals stated:

"The geographic limitation is contained in K.S.A. 22-2401a. That statute, instead of K.S.A. 22-2505, is operative here for three reasons. First, K.S.A. 22-2505 makes clear that search warrants must be executed by law enforcement officers; the statute does not purport to establish where an officer may execute a warrant. Second, even if K.S.A. 22-2505 and 22-2401a are understood to be in conflict, then the latest legislative expression controls. See *Farmers State Bank & Trust Co. of Hays v. City of Yates Center,* 229 Kan. 330, 338, 624 P.2d 971 (1981). The 1977 statute, 22-2401a, thus controls the 1970 enactment, 22-2505. Finally, 22-2401a reveals a clear intent by the legislature to limit the jurisdiction of certain law enforcement officers. When a statute is plain and unambiguous, the court must give effect to the expressed legislative intent. *State v. Sleeth,* 8 Kan. App. 2d 652, 655, 664 P.2d 883 (1983). The language of 22-2505 cannot be read as an exception to the clear geographic limitation set forth in 22-2401a." 18 Kan. App. 2d at 658-69.

The State's first and primary argument in opposition to the lower court's ruling is that the court failed to apply the proper rules of statutory construction in interpreting the two statutes. Specifically, the State contends that the Court of Appeals failed to consider and apply the "general versus special statutes rule." That rule states: "General and special statutes should be read together and harmonized whenever possible, but to the extent a conflict between them exists, the special statute will prevail unless it appears the legislature intended to make the general statute

controlling." *Kansas Racing Management, Inc. v. Kansas Racing Comm'n,* 244 Kan. 343, 353, 770 P.2d 423 (1989).

It is the State's contention that K.S.A. 22-2505, a statute dealing solely with the execution of search warrants, is the more *specific* statute, and not K.S.A. 22-2401a, a statute setting forth a limitation upon the territory in which law enforcement officers may operate. However, while K.S.A. 22-2505 admittedly applies only to the execution of search warrants, the language of that statute simply cannot be read as an exception to the clear geographic limitation set forth in K.S.A. 22-2401a. This conclusion is supported by this court's decision in *State v. Hennessee,* 232 Kan. 807, 658 P.2d 1034 (1983).

In *Hennessee,* an arrest warrant was issued for the defendant in Pratt County on a charge of theft. The Pratt County sheriff traveled to the defendant's residence in Stafford County and arrested the defendant pursuant to the arrest warrant. Although both an agent of the KBI and the local Stafford County sheriff were present at the arrest, the Supreme Court ruled that the Pratt County sheriff had no authority to make the arrest in Stafford County. 232 Kan. at 807-09. In its ruling, the Supreme Court determined that the specific language of K.S.A. 22-2401a controlled over the general provision of K.S.A. 19-812 (Ensley 1981), which stated:

"The sheriff, in person or by his undersheriff or deputy, shall serve and execute, according to law, all process, writs, precepts and orders issued or made by lawful authority and to him directed, and shall attend upon the several courts of record held in his county, and shall receive such fees for his services as are allowed by law."

In pertinent part, the court stated:

"The State relies on K.S.A. 19-812 for the proposition the Pratt County sheriff was acting within his authority when he arrested Ms. Hennessee. Admittedly the statute places no limitation upon the territory in which a sheriff may operate. Further, the statute applies to the execution of an arrest warrant since 'process' refers to a 'warrant, writ, order, mandate or other formal writing, issued by some court, body or official having authority to issue process. . . .'

"The enactment of K.S.A. 22-2401a in 1977, however, changes things. *There a specific limitation was placed on the extraterritorial exercise of power by law enforcement officers.* This statute, instead of K.S.A. 19-812, is operative here for

two reasons. First, where there is a conflict between two statutes the latest legislative expression controls. *Farmers State Bank & Trust Co. of Hays v. City of Yates Center,* 229 Kan. 330, 338, 624 P.2d 971 (1981). Second, in *State, ex rel. v. Dreiling,* 136 Kan. 201, 14 P.2d 644 (1932), the court recognized that a specific limitation on a general statute like K.S.A. 19-812 would control." (Emphasis added.) 232 Kan. at 808-09.

In *Hennessee,* we held:

"A sheriff may exercise his powers outside the county where he holds office in only two instances: (1) where he is in 'fresh pursuit' of a person, or (2) where a request for assistance has been made by law enforcement officers from the area for which such assistance is requested. K.S.A. 22-2401a." 232 Kan. 807, Syl. ¶ 2.

As stated previously, it is undisputed that the Lenexa officers did not request assistance from the Overland Park officers and were present solely as a courtesy to the Overland Park officers who requested their assistance.

*State v. Lamb,* 209 Kan. 453, 497 P.2d 275 (1972), is also instructive. In *Lamb,* Johnson County sheriff's officers executed a search warrant in Bourbon County. The appellant attempted to suppress the fruits of the search, arguing that Johnson County sheriff's officers lacked authority to execute search warrants outside of Johnson County. As in *Hennessee,* the relevant statute was K.S.A. 19-812. However, at the time of *Lamb,* the legislature had not yet enacted K.S.A. 22-2401a. (K.S.A. 22-2401a was passed in 1977, five years after *Lamb.*) The Supreme Court held that sheriffs were authorized to execute search warrants outside of their respective counties. In pertinent part, the court stated:

"This court held long ago that a sheriff of a county within this state was authorized to serve process outside his county. In *State, ex rel., v. Dreiling,* 136 Kan. 201, 14 P.2d 644, the court said:

'. . . It is contended in a petition for rehearing that a sheriff has no more authority to go outside the county to serve criminal process issued by a justice of the peace than a constable [has].

'The statute defining the authority of sheriffs contains no limitation similar to that contained in the statute relating to constables, and grants general authority to execute process issued and delivered to him. (R.S. 19-812.) *Because there is no territorial limitation on the authority of a sheriff to execute a warrant of arrest, the contention is not well founded.*' (p. 202.)" (Emphasis added.) 209 Kan. at 468.

The language of *Lamb* would clearly indicate that when there is a territorial limitation placed upon a law enforcement officer, that limitation is controlling.

K.S.A. 22-2401a is clear and provides that the jurisdiction of city police officers is limited to the city limits of the city employing them with certain exceptions, none of which is applicable here. It controls over the more general statute, K.S.A. 22-2505.

Next, the State argues the Court of Appeals failed to consider the legislative history of K.S.A. 22-2505. The State maintains that because the statute was adopted from an Illinois statute we should look to that State's interpretation of its statute. This argument has no merit whatsoever. K.S.A. 22-2505 and the Illinois statute are not identical and, in addition, 22-2505 is clear and unambiguous. When the intent of a statute is clear and unambiguous, the court must give effect to the statute as written, and there is no need to resort to statutory construction. *State v. Schlein,* 253 Kan. 205, 219, 854 P.2d 296 (1993). K.S.A. 22-2505 is a general statute which provides that search warrants shall be executed by law enforcement officers and has nothing to do with the territorial jurisdiction of officers.

Other arguments raised in the Court of Appeals were not addressed in the State's petition for review and need not be considered here. They were adequately considered by the Court of Appeals.

K.S.A. 22-2401a(2)(b) provides that city police officers may exercise their powers outside the city in two instances: "when a request for assistance has been made by law enforcement officers from that place [the extraterritorial jurisdiction] or when in fresh pursuit of a person." Neither exception applies here, and the Overland Park officers had no authority to execute the search warrant in Lenexa. The mere presence of Lenexa officers, even though at the request of the Overland Park officers, does not meet the requirements of the statute. As stated by the Court of Appeals:

"[H]ad it chosen to do so, the Kansas Legislature could have adopted a rule of unlimited jurisdiction for police officers, or a rule dependent upon notification or presence or participation by local officers. But, instead, the legislature set out a 'request for assistance' rule in 22-2401a. This court must give effect to

the statute and apply the rule adopted by the legislature." 18 Kan. App. 2d at 660.

The judgments of the Court of Appeals and the district court are affirmed. The appeal is denied.

MCFARLAND, J., dissenting.

LOCKETT, J., dissenting: I join the dissenting opinion of Justice Abbott. I write separately to express further reasons why I believe the majority is in error. The Fourth Amendment to the United States Constitution and § 15 of the Kansas Constitution Bill of Rights state that no warrant to search shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched. Neither the Fourth Amendment nor § 15 of the Kansas Constitution Bill of Rights place a territorial limitation on the officer who executes a search warrant. To explain my dissent, I will review the procedure to obtain a search warrant, the purpose of the search warrant, and the history of the judge's authority to issue and the restrictions on those authorized to execute a search warrant.

When Kansas was admitted as a state to the Union, a search warrant was issued by the district court judge or by the judge of any court of record exercising criminal jurisdiction. G.S. 1868, ch. 82, § 297. Courts of record included the Kansas Supreme Court, the district courts, county courts, and other courts which were designated courts of record by statute. The warrant was directed to the sheriff of the county, or any constable of the township, and commanded him to conduct the search. G.S. 1868, ch. 82, § 299.

A major revision of our criminal code was commenced in the early 1960s. At the request of the 1963 Kansas Legislature, the Judicial Council established an Advisory Committee on Criminal Law Revision. The Committee was given responsibility for studying and evaluating the substantive and procedural criminal law of the state and for recommending appropriate revision of Chapters 21, Crimes and Punishment, and 62, Criminal Procedure, of the Kansas Statutes Annotated. The Committee observed that the criminal law of Kansas consisted basically of statutes enacted by

the first Kansas territorial legislature, which convened in 1855. It noted that the penal laws passed at that time were adaptations of the then-existing criminal statutes of Missouri. Since then, many additions and amendments had been made, but often without regard for the relationship or consistency of prior provisions. The Committee observed that until the present effort, a comprehensive or systematic revision of the Kansas criminal procedure laws had never been undertaken. The Committee stated that it intended to forward its recommendations to the 1969 session of the Legislature. Kansas Judicial Council Bulletin, Special Report, p. 7, 9 (April 1968).

When drafting the Kansas Code of Criminal Procedure, the Committee drew its ideas from several sources. In every instance, the drafting process began with an evaluation of existing Kansas law. Where the existing Kansas law was adequate, no changes were recommended. Wherever feasible, federal statutes and the Federal Rules of Criminal Procedure were followed. The Committee's report was sent to the Kansas Legislature prior to its convening in 1970.

In 1970, the legislature enacted the Kansas Code of Criminal Procedure. Under the Code, the affidavit to obtain a search warrant is based upon a written or contemporaneously recorded oral statement made by any person under oath or affirmation stating facts sufficient to show probable cause that a crime has been committed or is being committed and why it is necessary to obtain a search warrant. The affidavit must particularly describe a person, a place, or means of conveyance to be searched and the things to be seized. K.S.A. 1993 Supp. 22-2502. If the magistrate is satisfied that there is probable cause to believe grounds for the application exist, the warrant is issued to seize the items listed in the application. The search warrant must show the time and date of issuance. K.S.A. 1993 Supp. 22-2504.

The execution of a search warrant is directed to all law enforcement officers of the state, or to any law enforcement officer specifically named in the warrant. K.S.A. 22-2505. A search warrant must be executed within 96 hours from the time of issuance and may be executed at any time of day or night. K.S.A. 22-2510.

The jurisdiction limitation governing search warrants is no longer based on the criminal jurisdiction of the court. Only the judges of the district court, judges of the Court of Appeals, and justices of the Supreme Court have the statutory authority to issue a search warrant. The search warrant is a warrant of the magistrate issuing the warrant and not the warrant of the court. The warrant does not need to bear the seal of the court or the clerk of that court. The statement on which the warrant is issued need not be filed with the clerk of the court, nor with the court if there is no clerk, until the warrant has been executed or has been returned "not executed." K.S.A. 1993 Supp. 22-2504. The Committee noted that no similar provision was found in the former Kansas law. The change was adapted from Ill. Rev. Stat. ch 38, para. 108-4 (1964). Kansas Judicial Council Bulletin, p. 33 (October 1969).

The territorial limitation for execution of a search warrant is based on the jurisdiction of the issuing magistrate. Search warrants issued by a district magistrate judge may be executed only within the judicial district in which the judge resides or within the judicial district to which the judge has been assigned pursuant to K.S.A. 20-319. K.S.A. 22-2503. A search warrant issued by a district judge may be executed anywhere within the state by the officer specifically named in the warrant or by any officer having the warrant within the jurisdiction of the judge that issued the warrant.

The majority erroneously bases its decision that the execution of the search warrant by the Overland Park officers in Lenexa was improper on K.S.A. 22-2401a(2)(a), which sets limitations on a city law enforcement officer in exercising his or her powers in enforcing city ordinances. The city officers can exercise their power to enforce a city ordinance (1) anywhere within their city and outside such city when on property owned or under the control of such city and (2) in any other place when a request for assistance has been made by law enforcement officers from that place or when in fresh pursuit of a person. K.S.A. 22-2401a (a) and (b).

The majority's conclusion that K.S.A. 22-2401a(2)(a) and (b) sets the limitations on a city officer when arresting for a felony

violation or executing a search warrant is based on *State v. Hennessee*, 232 Kan. 807, 658 P.2d 1034 (1983). In *Hennessee,* the Pratt County sheriff executed an arrest warrant in Stafford County. An agent of the KBI and the Stafford County sheriff were present when the defendant was arrested in Stafford County. The district court ruled that because of the improper arrest, the complaint against Hennessee must be dismissed. The State appealed. The *Hennessee* court found that the Pratt County sheriff had acted beyond his statutory authority under K.S.A. 22-2401a.

I agree with Justice Abbott's conclusion that *Hennessee* was wrongly decided. The fact that Hennessee was arrested in Stafford County by the Pratt County sheriff did not require the dismissal of the complaint. Even if an arrest is illegal, when the defendant is brought before the court that issued the complaint, that court has jurisdiction to try the defendant for the crime he or she committed in that county. *State v. Hammond,* 251 Kan. 501, 510, 837 P.2d 816 (1992).

Neither the *Hennessee* court nor the majority notes that in Kansas, prior to the enactment of the Code of Criminal Procedure in 1970, after a criminal warrant was issued by a magistrate of a county where a crime was committed, the sheriff or other officer to whom the warrant was directed had statutory authority to apprehend the defendant in any county of this state. R.S. 1923, 62-604 stated:

"Upon complaint made to any magistrate of any county in this state that a criminal offense has been committed, and that the offender has fled from the county in which the offense was committed, such magistrate shall issue a warrant, directed to an officer of his own county or of the county in which the offense was committed, requiring the offender to be apprehended and taken before some magistrate of the county where the offense was committed, to be dealt with according to law."

R.S. 1923, 62-605 stated:

"If any person against whom a warrant may be issued for an alleged offense committed in any county shall, before or after the issuing of such warrant, escape from or be out of the county, the sheriff or other officer to whom such warrant may be directed may pursue and apprehend the party charged in any county in this state, and for that purpose may command aid and exercise the same authority as in his own county."

R.S. 1923, 13-606 stated:

"When a complaint is filed that an offense has been committed of which the police court has jurisdiction, the judge shall forthwith issue a warrant for the offender, which warrant shall be served by any policeman or the sheriff of the county, or some person specially appointed by the judge for that purpose, and such warrant may be executed in any part of the state."

The first two statutes were repealed in 1970 when the Kansas Code of Criminal Procedure was adopted. R.S. 1923, 13-606 was repealed in 1973. L. 1973, ch. 61, § 12-4702. The jurisdiction of a law enforcement officer to exercise his or her power has been incorporated into K.S.A. 22-2401a. The execution or service of return of a warrant is now covered by K.S.A. 22-2305, which states:

"(1) The warrant shall be executed by a law enforcement officer. The summons may be served by any person authorized to serve a summons in a civil action.

"(2) The warrant may be executed or the summons may be served at any place within the jurisdiction of the state of Kansas.

"(3) The warrant shall be executed by the arrest of the defendant. The officer need not have the warrant in his possession at the time of the arrest, but upon request he shall show the warrant to the defendant as soon as possible. If the officer does not have the warrant in his possession at the time of the arrest, he shall then inform the defendant of the offense charged and of the fact that a warrant has been issued.

"(4) The summons shall be served upon a defendant by delivering a copy to him personally, or by leaving it at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by mailing it to the defendant's last known address.

"(5) The officer executing the warrant shall make return thereof to the magistrate before whom the defendant is brought. At the request of the prosecuting attorney any unexecuted warrant shall be returned to the magistrate by whom it was issued and shall be canceled by him. On or before the date set for appearance the person to whom a summons was delivered for service shall make return thereof to the magistrate before whom the summons is returnable. At the request of the prosecuting attorney made at any time while the complaint is pending, a warrant returned unexecuted and not canceled or a summons returned unserved or a duplicate thereof may be delivered by the magistrate to the officer or other authorized person for execution or service."

The Judicial Council Comment following what is now K.S.A. 22-2305 states:

"[t]he provisions of Rule 4 (c), Federal Rules of Criminal Procedure, are followed with minor variations. Subsections (1) and (2) contemplate that any authorized person may serve either a warrant or a summons in any county within the state. Subsection (3) clarifies the [status] of the officer who makes an arrest under the authority of a warrant not in his possession. Other provisions follow current practice."

The purpose of K.S.A. 22-2401a(2)(b) is to allow law enforcement officers in one jurisdiction to request law enforcement officers from another jurisdiction to assist them in time of need. The statute provides the authority for the officer assisting outside of his or her jurisdiction to act. K.S.A. 22-2503, which allows a district magistrate to issue a search warrant in the judicial district to which the judge has been assigned pursuant to K.S.A. 20-319, is a similar type statute.

Here, the Overland Park police detectives were executing a search warrant as commanded by the district judge. Following proper police procedures, the Overland Park police officers contacted the Lenexa police officers and requested that they assist in execution of the warrant. The majority follows the form of K.S.A. 22-2401a over the substance of statutes governing the execution of search warrants. Under the rationale of the majority, the Overland Park police officers, when executing the warrant in Lenexa, should have informed the Lenexa officers that they were executing the warrant in Lenexa and then requested that the Lenexa police officers ask them to assist the Lenexa officers in executing the warrant that the Overland Park officers had in their possession and were directed to execute by the judge that issued the search warrant. The majority limits the power of city law enforcement officers to investigate, gather evidence, execute a search warrant, or arrest for a felony violation of a state statute committed within the city, to the city limits of the city employing the officers and outside such city when on property owned or under control of such city.

The majority is wrong. By statute, a search warrant issued by a district judge can be executed anywhere within the state by the officer specifically named in the warrant or by any officer having the warrant. I would reverse the district court and the Court of

Appeals' determination that the evidence seized in the execution of the search warrant must be suppressed. In addition, I believe the decision of this court in *State v. Hennessee* is wrong and should be overruled.

ABBOTT, J., dissenting: I join the dissenting opinion of Justice Lockett. Furthermore, in my opinion, the majority has its sights set on the wrong rabbit. It focuses on the authority of the police officer, when the answer lies in the authority of the district court judge as well as constitutional issues concerning search and seizure.

The majority starts out placing heavy reliance on *State v. Hennessee*, 232 Kan. 807, 658 P.2d 1034 (1983). *Hennessee* overlooked basic fundamental concepts of criminal law and reached an erroneous result. In *Hennessee*, the Pratt County sheriff executed an arrest warrant by traveling two miles into the adjoining county to make the arrest. He took with him the neighboring county sheriff and an agent of the Kansas Bureau of Investigation. The Supreme Court, in a five-to-two decision, affirmed the dismissal of the criminal charges on the basis that the Pratt County sheriff had no authority to make an arrest outside his county.

The first fundamental error the majority makes is that even if an unlawful arrest had occurred, the case should not have been dismissed because the Pratt County District Court still had jurisdiction to try the defendant. "[J]urisdiction of a court to try a person accused of a crime is not divested because the accused may have been unlawfully arrested. An unlawful arrest, without more, does not give the accused immunity from prosecution nor provide a defense to a valid conviction." *State v. Hammond*, 251 Kan. 501, 510, 837 P.2d 816 (1992). A case is not required to be dismissed prior to trial because of an unlawful arrest. See *State v. Weis*, 246 Kan. 694, 699, 792 P.2d 989 (1990). That has long been the law in Kansas and the United States. The rule is simply that if the accused is in the jurisdiction of the court, the court has jurisdiction to try the accused regardless of how the accused was brought into the jurisdiction. There are exceptions, such as when an accused has been tortured by law enforcement personnel, etc., none of which occurred in *Hennessee*. An unlawful arrest

may affect the admissibility of evidence, but in the *Hennessee* case it is obvious that the case was dismissed solely because of what the majority perceived to be an unlawful arrest.

"[I]t is generally accepted that the illegal arrest does not affect the power of the state to proceed with the prosecution. That is, an illegal arrest does not divest the trial court of jurisdiction over the defendant or otherwise preclude his trial." 1 LaFave, Search and Seizure § 1.9, p. 220 (2d ed. 1987). See *Gerstein v. Pugh*, 420 U.S. 103, 43 L. Ed. 2d 54, 95 S. Ct. 854 (1975); *Mahon v. Justice*, 127 U.S. 700, 32 L. Ed. 283, 8 S. Ct. 1204 (1888); *Ker v. Illinois*, 119 U.S. 436, 30 L. Ed. 421, 7 S. Ct. 225 (1886); *United States ex rel. Lujan v. Gengler*, 510 F.2d 62 (2d Cir.), *cert. denied* 421 U.S. 1001 (1975). See also *United States v. Alvarez-Machain*, 504 U.S. 655, 119 L. Ed. 2d 441, 112 S. Ct. 2188 (1992) (court found to have jurisdiction despite forcible abduction from Mexico of defendant).

Second, assuming the majority was correct that the Pratt County sheriff had no authority to make an arrest in the neighboring county, the arrest was still lawful. The universal rule is that if a police officer makes an arrest outside the territorial limits of the officer's jurisdiction (*e.g.*, in Missouri), the officer is treated as a private person. If an arrest by a private person is lawful under the circumstances, then an arrest by a police officer from any jurisdiction would be lawful. See *State v. Shienle*, 218 Kan. 637, 640, 545 P.2d 1129 (1976). We in fact have a statute, K.S.A. 22-2403, which authorizes a private person to "arrest another person when: (1) [a] felony has been . . . committed and the person making the arrest has probable cause to believe that the arrested person is guilty thereof." Thus, the Pratt County sheriff, having knowledge that the defendant committed a felony by reason of the fact he had a lawful arrest warrant in his possession, was entitled to make a citizen's arrest of the defendant.

In *State v. Hennessee*, the district court had valid jurisdiction to try the defendant and the decision there is clearly erroneous. I understand the majority's position here that the fact the district court overlooked two basic tenets of criminal jurisdiction does not require a finding that the court was wrong on the principle it has applied to this case.

The majority is wrong for three reasons, which will be discussed in inverse order. First, the legislature intended to authorize search warrants issued by a district court judge to be executed anywhere in the state by a law enforcement officer. Second, I am in complete agreement with Justice McFarland's dissent in *Hennessee* and will expand that argument. Third, even if the majority is correct and the sheriff did not have jurisdiction to execute the search warrant, the evidence is still constitutionally admissible.

In *Com. v. Mason*, 507 Pa. 396, 490 A.2d 421 (1985), police officers from Montgomery County were investigating a burglary and learned that the fruits of the burglary were located in Berks County. They obtained a search warrant and went to the other county. Two law enforcement officers from the City of Reading in Berks County accompanied them. The officers did not participate in the search, although they were present in the apartment when the search warrant was executed. The trial court held that since the officers did not participate in the search, the search was illegal because the Montgomery County police had no authority to conduct a search outside their county.

The Supreme Court of Pennsylvania said that the automatic exclusion of evidence obtained during a search that is found to be unlawful is unwarranted. The court cited a number of Pennsylvania cases holding that violation of a rule regarding the issuance and execution of a search warrant does not ordinarily render the search unreasonable nor require the exclusion of evidence, whereas violations of the rules which assume constitutional dimensions or substantially prejudice the accused may require the exclusion of the evidence seized upon execution of the search warrant. 507 Pa. at 404-07.

The *Mason* court cited *United States v. Johnson*, 660 F.2d 749, 753 (9th Cir. 1981), *cert. denied* 455 U.S. 912 (1982), in discussing when exclusion of evidence would be an appropriate remedy for the violation of the rules of criminal procedure. The *Mason* court stated:

" 'Only a "fundamental" violation of [a criminal procedural rule] requires automatic suppression, and a violation is "fundamental" only where it, in effect, renders the search unconstitutional under traditional fourth amendment stan-

dards.' *U. S. v. Vasser*, 648 F.2d 507, 510 (9th Cir. 1980). Where the alleged violation of [a criminal procedural rule] is not "fundamental" suppression is required only where:

'(1) there was "prejudice" in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision of the Rule. . . .'

*See also United States v. Searp*, 586 F.2d 1117 (6th Cir. 1978), *cert. denied* 440 U.S. 921, 99 S. Ct. 1247, 59 L. Ed. 2d 474 (1979)." 507 Pa. at 406.

The Pennsylvania Supreme Court held that under the circumstances, even if the rule had been violated, suppression would be out of proportion to what happened. The evidence was admissible.

The United States Supreme Court in *United States v. Leon*, 468 U.S. 897, 82 L. Ed. 2d 677, 104 S. Ct. 3405 (1984), approved the admission of evidence seized by police officers who in reasonable good faith relied on a defective search warrant. That rule applies even where the defect in the warrant assumes constitutional significance.

Here the officers had a valid search warrant. Three police officers who unquestionably had authority to execute the warrant were present during the search. The search was not unconstitutional. The majority simply holds that none of the three Overland Park law enforcement officers requested the Lenexa officers to assist in executing the search warrant. To "assist" is "[t]o help; aid; succor; lend countenance or encouragement to; participate in as an auxiliary. To contribute effort in the complete accomplishment of an ultimate purpose intended to be effected by those engaged." Black's Law Dictionary 120 (6th ed. 1990). Clearly, the Overland Park law enforcement officers were assisting in the search by being present and providing security.

The majority opinion finds that the Lenexa officers had no authority to enter the residence to conduct the search. If the Lenexa officers are to avoid being charged with a crime or a § 1983 civil rights action, it is because the Overland Park law enforcement officers were assisting or participating in the execution of the search warrant.

Had the officers been burglars and not police officers, the Overland Park officers being present and providing security would have clearly been guilty of burglary as aiders and abetters.

The officers did not violate the defendant's constitutional rights by an unlawful search and seizure in violation of the United States Constitution. What they failed to do was state what was clearly understood and implied by their actions. It was common sense for the Lenexa officers to conduct the search, as they had obtained the warrant and understood what was to be seized.

Thus, there is no automatic suppression of seized evidence, and nothing occurred that requires the drastic remedy of suppression to deter similar police conduct in the future.

Second, in *Com. v. Mason,* 507 Pa. at 408, the Pennsylvania Supreme Court also stated that although there is no requirement that

"a law enforcement officer having primary jurisdiction in the place where the search is to take place actually 'participate' in the service of the warrant, we would not hesitate to find that requirement met in the instant case because of the presence of 'jurisdictional police officers' (Reading Police Department officers) at appellee's apartment."

The distinction recognized by the Pennsylvania Supreme Court, between searches where "jurisdictional police" participate in the search "regardless of the degree of participation" and searches where "jurisdictional police" are "merely" present at the scene, is artificial; their mere presence at the scene is sufficient to constitute "actual participation."

The majority has now placed the police in the position that the Overland Park Police Department could have contacted the Lenexa Police Department and notified them they had a search warrant and said, "Would you please request that we assist you by executing the search warrant," and a Lenexa police officer could have responded, "Yes. I would like to have you assist the Lenexa Police Department in executing the search warrant." The Lenexa police officer could then have stayed in the Lenexa Police Department or gone out for coffee while the Overland Park police officers executed the search warrant without the Lenexa officers being present, and under the majority's rationale the search would have been valid.

In the case of *State v. Ross,* 247 Kan. 191, 194-95, 795 P.2d 937 (1990), this court considered a trial judge's engraftment onto

K.S.A. 22-2401a(2)(b) of a requirement that a request for assistance must arise from facts demonstrating an actual need for assistance from outside the requesting officer's jurisdiction. This court said:

"There is nothing in the statute demonstrating that such was the legislative intent.

". . . It is not necessary to establish that the need existed or that the Hutchinson police department did not have additional personnel available—only that the request for assistance was made. That request granted authority to [the officer] to enter Hutchinson and provide the requested assistance—the execution of the arrest warrant."

If the police officers are to be forced to jump through legal hoops by being forced to speak the magic words, they can simply do what the Kansas Court of Appeals allowed in *State v. Rowe,* 18 Kan. App. 2d 572, 856 P.2d 1340 (1993), which is enter into an "oral agreement" for requesting assistance between departments in advance of any need, without knowing whether in fact assistance will ever be needed. Such a blanket agreement constituted a "request for assistance" under K.S.A. 22-2401a(2)(b). In that case, the Court of Appeals stated the oral agreement made in advance was "narrowly drawn" and requested assistance only in situations where an emergency existed near the county line until the requesting sheriff's office could arrive at the scene. To reach that conclusion, the Court of Appeals relied on *State v. Ross,* 247 Kan. at 194, where this court held there was no requirement to show a need for assistance and that there was nothing in the statute that demonstrated that such was the legislative intent.

A number of other courts have considered search warrants executed outside the law enforcement officer's jurisdiction but in the presence of other officers having jurisdiction. It appears that all of the jurisdictions that have examined this issue have reached results contrary to the majority here.

In *Kay v. State,* 668 P.2d 1150 (Okla. Crim. 1983), a Muskogee police officer obtained a search warrant to search a farm located five miles outside the city limits of Muskogee. Several Muskogee police officers and an Oklahoma highway patrolman went to the

farm; and a Muskogee police officer searched the barn and field, signed the return on the warrant, and took charge of all the evidence. The Oklahoma Court of Criminal Appeals held that any officer could assist in the search as long as an officer of the "county to whom the writ was directed was present." 668 P.2d at 1152.

In *Keen v. State*, 626 S.W.2d 309 (Tex. Crim. 1981), an Austin, Texas, police officer obtained a search warrant for a residence outside the city limits. Officers from the county sheriff's office were *present* at the time the search warrant was executed. The Austin police officer had no authority to execute a search warrant outside the city of Austin. The Texas Court of Criminal Appeals held the presence of the county sheriff's officers was sufficient to make the execution of the search warrant lawful. 626 S.W.2d at 313. For similar results see *Reynolds v. State*, 506 S.W.2d 864, 866 (Tex. Crim. 1974); *Gilbert v. State*, 493 S.W.2d 783, 784 (Tex. Crim. 1973).

In *State v. Cosgrove*, 181 Conn. 562, 436 A.2d 33 (1980), police officers from Stamford executed a search warrant in the town of Greenwich. Two Greenwich police officers were with the officers from Stamford when the search warrant was executed. The Stamford police officers prepared and secured the search warrant, and the claim was clearly that it was "executed by Stamford policemen who were outside their jurisdiction." 181 Conn. at 589. The court summarily handled the issue by saying:

> "The search warrant was executed within the town of Greenwich by six police officers, four of whom were from the Stamford police department and two of whom were Greenwich police officers. The fact that Stamford officers accompanied the Greenwich policemen to the premises and participated in the search does not require that the evidence seized be suppressed. Several jurisdictions have considered similar factual situations under like statutory limitations and concluded in each instance that the executions involved were legal. The defendants have not cited us to any authority to the contrary." 181 Conn. at 589.

In *People v. Vigil*, 729 P.2d 360 (Colo. 1986), the Colorado Supreme Court held that an arrest by an officer outside his jurisdiction did not require suppression of the evidence unless "so egregious as to violate the protections against unreasonable searches and seizures guaranteed by our state constitution." 729

P.2d at 367. Where the challenged conduct is not unconstitutional, the exclusionary rule does not necessarily apply and, in this case, the execution of a valid search warrant under the circumstances was not a constitutional violation. When an officer makes an arrest based on a substantive statute that is later ruled unconstitutional, that evidence is admissible because the arrest is lawful simply because it falls within the jurisdictional definition of probable cause. See *Michigan v. DeFillippo*, 443 U.S. 31, 61 L. Ed. 2d 343, 99 S. Ct. 2627 (1979). In *United States v. Leon*, 468 U.S. 897, there was no unreasonable search and seizure and, under the rationale of that case, where the officer has a warrant all that is required is good faith on the part of the officer. Reliance on the warrant by an officer must be objectively reasonable.

Numerous courts have heard arguments that police officers lacking jurisdiction "executed" a search warrant and have logically concluded that when local police officers are present, whether they are simply standing by providing security or watching the search take place, they are participating in or supervising the execution of the search warrant.

In *People v. Law*, 55 Misc. 2d 1075, 287 N.Y.S.2d 565 (1968), the same type of question arose. A Cortland County deputy sheriff returned in his own name a search warrant which was directed to any peace officer in Chenango County and which he executed while acting in concert with a Chenango County deputy sheriff and two state police officers. The court stated the irregularity was not of constitutional dimension, and the seized evidence was admitted. The court said the fact that there were police officers present who had authority to execute the warrant made the search valid and that the search could not be made to depend "upon which officer took the most active part." 55 Misc. 2d at 1080.

In considering evidence obtained by serving a valid search warrant in an unlawful manner, the leading authority on searches and seizures states:

"Perhaps the best example of the substantial rights approach is provided by the treatment given to statutes and rules concerning search warrants. On the one hand, provisions to the effect that grounds for a nighttime search must be shown in the affidavit, *that the warrant must be executed by an officer who is*

*within his territorial jurisdiction,* that the warrant must be exhibited upon execution, that a receipt must be given for property taken, or that a prompt return of an executed warrant be made are not *generally* viewed as being important enough to merit enforcement through the exclusionary rule." (Emphasis added.) 1 LaFave, Search and Seizure § 1.5(b), p. 105 (2d ed. 1987).

On my final point, I realize that the majority can make an appealing argument that the legislature has not changed the *Hennessee* case holding by statute. However, the majority was wrong when it held in *Hennessee* that it was the legislative intent to overrule three Kansas cases cited by the majority which held that a county sheriff could serve process anywhere in the state of Kansas. I note that our statute giving authority to execute search warrants came from Illinois, Ill. Rev. Stat. ch. 38, para. 108-5 (1971), and that the Supreme Court of Illinois has specifically held that a law enforcement officer can execute a search warrant anywhere within the state of Illinois. *People v. Carnivale,* 61 Ill. 2d 57, 329 N.E.2d 193 (1975). There is one slight difference in the two statutes. Illinois allows the trial court to direct the search warrant to a non-law enforcement officer for execution. I do not deem that distinction to have any validity. I am of the opinion that the Kansas Legislature intended that search warrants issued by district court judges could be executed statewide by any law enforcement officer. I realize that since *Hennessee* this State has only made one statutory change inconsistent with *Hennessee.* The legislature, in 1985, authorized any law enforcement officers employed by any city within Johnson County to execute a valid arrest warrant anywhere within Johnson County. See K.S.A. 22-2401a(4). This would allow the majority to argue the legislature did not change the result of *Hennessee,* so the majority must have been correct. However, *Hennessee* did not consider search warrants and K.S.A. 22-2401a(4) does not mention search warrants. It is only logical that if the legislature had thought the holding in *Hennessee* applied to search warrants, K.S.A. 22-2401a(4) would have included search warrants.

I would hold that the legislature did not mention search warrants in K.S.A. 22-2401a(4) because it was still under the assumption that search warrants issued by district court judges

could be executed by any law enforcement officer at any place in the state of Kansas.

For the foregoing reasons, I would reverse the Court of Appeals and the trial court and remand the case for trial.