Stephen J. Smith Burlington City Attorney 5111 Neosho, P.O. Box 245 Burlington, Kansas 66839
Dear Mr. Smith:
As City Attorney for the City of Burlington, you request our opinion regarding whether the City of Burlington (Burlington) is required to reimburse the City of Humboldt (Humboldt) for the expenses incurred by the latter in training a law enforcement officer who was subsequently terminated by Humboldt and employed by Burlington.
You indicate that Humboldt employed an individual as a law enforcement officer and sent him to the Kansas Law Enforcement Training Center (Training Center) for training pursuant to K.S.A. 1998 Supp. 74-5607a. After graduation from the Training Center, the individual in question worked for Humboldt for a short time and was then terminated. A few months later, Burlington hired the individual as a law enforcement officer. The City of Humboldt is now requesting reimbursement from the City of Burlington pursuant to K.S.A. 1998 Supp. 74-5609a which states, in part:
 "(b) Any city . . . which commences employment of a . . . law enforcement officer within one year of the time such . . . law enforcement officer has completed a course of instruction at a state or local law enforcement training school shall reimburse the city . . . which paid the tuition for training such officer. This reimbursement shall include the amount of the tuition paid, the officer's salary and travel expenses and any other expenses incurred which were incidental to training such officer."
Where the language of a statute is clear and unambiguous, the statute is interpreted as written and there is no need to resort to statutory construction.[1] It is our opinion that K.S.A. 1998 Supp. 74-5909a(b) is quite clear that a city that employs a law enforcement officer within one year of completion of a course of instruction at the Training Center is required to reimburse the city that paid the officer's tuition, salary, travel expenses, and any other expenses that were incidental to that training, regardless of the circumstances under which the officer left the employ of the paying city.
The statute does not address extenuating circumstances that might excuse reimbursing the city that paid the officer's tuition and expenses. Consequently, if the City of Burlington employed this officer within one year of the time the officer completed a course of instruction at the Training Center, it is required to reimburse the City of Humboldt for tuition, salary, travel expenses and any other expense incurred which was incidental to the training.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] State v. Sodders, 255 Kan. 79 (1994).