(152 P.3d 1259)
No. 96,566

STATE OF KANSAS, *Appellee*, v. SCOTT D. ZECKSER, *Appellant*.

Opinion filed March 9, 2007.

*Keen A. Umbehr*, of Topeka, for appellant.

*Norbert C. Marek, Jr.*, county attorney, *Elizabeth R. Cohn*, former county attorney, and *Phill Kline*, attorney general, for appellee.

Before RULON, C.J., GREENE and MCANANY, JJ.

MCANANY, J.: Scott D. Zeckser challenges his conviction for speeding on jurisdictional grounds. He claims Officer Mark Falk, who stopped him and issued the speeding citation, had no authority to do so because the claimed infraction occurred outside the city limits of Alma where Falk was employed as a city police officer. We conclude, as did the district court, that since Falk was also a Wabaunsee County deputy sheriff and the offense occurred in Wa-

baunsee County, Falk had the authority to stop Zeckser and issue the citation. Accordingly, we affirm Zeckser's conviction.

The case was tried in the district court on stipulated facts. The parties stipulated as follows:

"1. A citation for speeding was issued to [Zeckser] for 72 mph in a 55 mph zone on September 9, 2005 by the Alma City Marshal Mark Falk in Wabaunsee County, Kansas.

"2. That, at the time the Alma City Marshall issued a Wabaunsee County Sheriff's Department Uniform Notice to Appear and Complaint to the defendant, he was practicing law enforcement on state highway 99, which was outside of the city limits of Alma, Kansas.

"3. Alma City Marshal's Radar and Tuning forks certifications and Doppler certification were current and in proper working order on September 9, 2005.

"4. The Alma City Marshal Mark Falk is a licensed law enforcement officer in the State of Kansas and employed by the City of Alma, a municipal corporation.

"5. Marshal Mark Falk holds a 'Reserve Deputy' card issued to him by Doug Howser, Wabaunsee County Sheriff.

"6. The Wabaunsee County Sheriff has granted the Alma City Marshall the authority to take law enforcement action as defined by applicable statutes at his discretion as a deputy anywhere within Wabaunsee County. (See attached letter from Sheriff Doug Howser.)

"7. A Kansas Open Request to Sharon K. White, Alma City Clerk, confirms that a search of the City's official records was conducted and that no document was found which authorizes the Alma City Marshal to practice law enforcement outside the City's jurisdiction and the city has no contract with the Wabaunsee County Sheriff's office pertaining to the Alma City Marshal. (See attached letter of Sharon K. White.)"

In Sheriff Howser's letter, which is included as part of the stipulation, he stated that Falk had been a deputy sheriff at least since the mid-1990's. Falk served as a deputy sheriff under the administration of at least four Wabaunsee County Sheriffs. Most recently, he was sworn in as a deputy sheriff by Howser in January 2005, about 8 months before Falk stopped Zeckser.

The district court found that Falk was a special deputy, as defined in K.S.A. 19-805(a), who was acting within his lawful jurisdiction as a Wabaunsee County special deputy at the time he issued the speeding citation to Zeckser. The court also found Zeckser guilty of the speeding charge.

Zeckser relies on K.S.A. 2006 Supp. 22-2401a(2). K.S.A. 2006 Supp. 22-2401a states:

"(1) Law enforcement officers employed by consolidated county law enforcement agencies or departments and sheriffs and their deputies may exercise their powers as law enforcement officers:

(a) Anywhere within their county; and

(b) in any other place when a request for assistance has been made by law enforcement officers from that place or when in fresh pursuit of a person.

"(2) Law enforcement officers employed by any city may exercise their powers as law enforcement officers:

(a) Anywhere within the city limits of the city employing them and outside of such city when on property owned or under the control of such city; and

(b) in any other place when a request for assistance has been made by law enforcement officers from that place or when in fresh pursuit of a person."

Zeckser argues that while K.S.A. 2006 Supp. 22-2401a(1) permits a deputy sheriff to operate anywhere in the county, K.S.A. 2006 Supp. 22-2401a(2) limits that jurisdiction to a city's boundaries if the deputy sheriff is also employed as a city law enforcement officer, unless the officer is in fresh pursuit or is responding to a request for assistance from another jurisdiction. From this Zeckser concludes that since his stop was the result of neither fresh pursuit nor a request from the county for assistance, Falk had no jurisdiction to effect the stop.

Resolution of this issue requires us to interpret K.S.A. 2006 Supp. 22-2401a. This is an issue of law over which our review is unlimited. Our task is to determine the legislature's intent in enacting K.S.A. 2006 Supp. 22-2401a. We presume the legislature expressed its intent through the language it employed in the statute. We also presume that absent special or technical words or phrases, the legislature intended the ordinary meanings of the words it employed. We do not read into the statute words that are not there, nor do we ignore words that are there. If the statute is plain and unambiguous, we will give effect to the legislature's intent as expressed rather than substituting our own views on the matter. See *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006).

First, we note that K.S.A. 19-805(a) clearly grants county sheriffs the power to appoint deputies. Zeckser argues that the "Reserve Deputy" card that was issued to Falk does not constitute an agreement between the City of Alma and Wabaunsee County so as to invoke the "request for assistance" provision found in K.S.A. 2006

Supp. 22-2401a(2)(b). Nonetheless, there seems to be no dispute that Falk was a duly deputized Wabaunsee County deputy sheriff at the time of the stop. The sole issue is whether Falk's jurisdiction as a Wabaunsee County deputy sheriff is limited under K.S.A. 2006 Supp. 22-2401a by the fact that he is also employed as an Alma city law enforcement officer.

In *United States v. Parada*, 289 F. Supp. 2d 1291 (D. Kan. 2003), the arresting officer, who was on the Junction City police force, had been assigned to the Junction City/Geary County Drug Operations Group at the time of the arrest. The issue of his territorial jurisdiction focused on the fact that as a member of the Operations Group the city police officer was deputized as a Geary County deputy sheriff. Thus, the court concluded the arresting officer

"wore two hats: one of a city police officer and one of a deputy with the Geary County Sheriff's Department, having been sworn as a deputy under K.S.A. 19-805 on November 4, 1999. Accordingly, as a deputy, the officer had authority to be operating outside the city limits pursuant to K.S.A. 22-2401a(1)(a), which provides '[l]aw enforcement officers employed by consolidated county law enforcement agencies or departments and sheriffs and their deputies may exercise their powers as law enforcement officers: (a) anywhere within their county.' Thus, Officer Oehm had authority to stop the defendants on I-70." 289 F. Supp. 2d at 1298.

We find *Parada* to provide a logical, common-sense reading of the statute.

On the other hand, Zeckser relies on *State v. Sodders*, 255 Kan. 79, 872 P.2d 736 (1994), to support his position. We find this reliance to be misplaced. *Sodders* predates the 1994 amendment to K.S.A. 22-2401a(4), now K.S.A. 2006 Supp. 22-2401a(5), which allows police officers in certain urban areas to execute search warrants anywhere in their county. In *Sodders*, Overland Park police officers executed a search warrant at an apartment in Lenexa without the active involvement of the Lenexa police. Evidence obtained in the search was suppressed because of the extra-territorial activities of the Overland Park police. The officers in *Sodders*, unlike Officer Falk here, did not wear two hats. Unlike Falk, they had not been deputized so as to give them extended territorial jurisdiction throughout the county.

Zeckser argues that the internal conflict he perceives within K.S.A. 2006 Supp. 22-2401a must be resolved in his favor because criminal statutes are to be strictly construed against the State. Thus, if one class of law enforcement officers has territorial jurisdiction defined as "X" and another class has territorial jurisdiction defined as "2X," the jurisdiction of any officer falling into both classes is confined to the more limited territorial jurisdiction: X. In oral argument Zeckser asserts that this interpretation would even apply to a deputy sheriff who later decides to moonlight as a part-time city police officer. According to Zeckser, in that instance the deputy sheriff loses county-wide jurisdiction (2X) and is reduced to the more limited jurisdiction (X) of the city where the deputy moonlights. We are not persuaded that this is what the legislature intended.

More importantly, this argument is predicated upon the existence of an internal conflict in the statute. We see none. If a city law enforcement officer effects a traffic stop inside the county in which the city is located but outside the city limits, the officer has jurisdiction to do so if (1) the officer is in fresh pursuit, (2) the officer's assistance has been requested by the county, or (3) the officer also serves the county as a deputy sheriff. There is no internal conflict in the statute's definition of territorial jurisdiction. The jurisdiction of a person whose jurisdiction is defined as X can be expanded to 2X if that person takes on the additional attribute of being deputized as a deputy sheriff of the county. A lawyer admitted to the state courts of Kansas may also seek admission to the bar of a sister state. Such a lawyer faces no dilemma as to which state court he or she may practice in. The lawyer may practice in either, the range of the lawyer's jurisdiction to practice having been expanded.

K.S.A. 19-805(a) permits persons to be deputized in writing as deputy sheriffs to do particular acts. The statute also permits a sheriff to appoint deputies assist in the regular duties of the sheriff. There is no dispute that Falk was duly deputized to assist in the regular duties of the Wabaunsee County Sheriff. Once deputized, a city law enforcement officer does not lose whatever authority to act he or she previously had, but rather now has the added au-

thority of a deputy sheriff. Thus, the limited jurisdiction afforded a city law enforcement officer may be expanded to the entire county in which the city is located under K.S.A. 2006 Supp. 22-2401a when that officer has been deputized as a deputy sheriff of the county.

The district court did not err in convicting Zeckser based upon Falk's stop outside the Alma city limits.

Affirmed.