NOT DESIGNATED FOR PUBLICATION

No. 118,069

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANA M. SIEBOLD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Clay District Court; JOHN F. BOSCH, judge. Opinion filed June 22, 2018. Affirmed in part, reversed in part, and remanded with directions.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Richard E. James*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL and BUSER, JJ.

PER CURIAM: Dana M. Siebold appeals her conviction for possession of methamphetamine and the district court's assessment of the Board of Indigents' Defense Services (BIDS) attorney fees. The information filed in her case alleged facts consistent with possession of methamphetamine, but the information listed the wrong subsection of the statute—one that does not apply to possession of methamphetamine. Siebold argues that the State was required to prove that she violated the statute as listed in the information; and that because the State failed to do this, her conviction should be reversed. However, errors in an information are only grounds for reversal if the error prejudices the defendant. K.S.A. 22-3201(b). Siebold was not prejudiced by the error, as

1

the language of the information made it clear that the State was pursuing a charge for possession of methamphetamine.

Siebold also argues that the district court failed to adhere to the requirements of K.S.A. 22-4513(b) and *State v. Robinson*, 281 Kan. 538, 546, 132 P.3d 934 (2006), which require district courts to "consider the financial resources of the defendant and the nature of the burden that payment will impose *explicitly*, stating on the record how those factors have been weighed in the court's decision" before assessing BIDS attorney fees. The district court failed to perform the proper *Robinson* inquiry, so the issue of attorney fees must be remanded for the court to review Siebold's financial situation and make appropriate findings on the record. Accordingly, we affirm in part, reverse in part, and remand with directions.

FACTUAL AND PROCEDURAL HISTORY

Samantha Britton was working as a cashier at a Short Stop in Clay Center on September 2016. A customer noticed a small pink baggie on the counter. Britton saw a crystal-like substance in the baggie. Britton put the baggie in the trash can. Britton continued to wait on customers. When she got a break, she retrieved the baggie from the trash can and put it in a glove. Britton then gave the glove and baggie to her manager, Serna Anderson. Anderson took the baggie to her office and called the police.

Officer Adam Jackson responded to the call. Anderson played a surveillance video for Jackson. The video showed Dana Siebold at the counter with folded lottery tickets in her hand. When Siebold unfolded the tickets, the pink baggie fell onto the counter. Britton served several customers before the woman who noticed the baggie brought it to Britton's attention. The Kansas Bureau of Investigation (KBI) tested the substance in the baggie and determined that it contained 0.01 grams of methamphetamine.

2

The State charged Siebold with possession of methamphetamine. A jury found her guilty. The district court sentenced Siebold to probation with an underlying sentence of 17 months' imprisonment. In addition to court costs and other fees, the district court also ordered Siebold to pay $1,500 in BIDS attorney fees.

Siebold appealed.

ANALYSIS

*There was sufficient evidence to convict Siebold of possession of methamphetamine and an error in listing the correct subsection of the charge does not require reversal.*

Siebold argues that there were errors in the State's charging documents, and that the State failed to provide sufficient evidence of the crime it charged.

When the sufficiency of the evidence is challenged in a criminal case, this court reviews all the evidence in the light most favorable to the State. A conviction will be upheld if the court is convinced that a rational fact-finder could have found the defendant guilty beyond a reasonable doubt based on that evidence. *State v. Laborde*, 303 Kan. 1, 6, 360 P.3d 1080 (2015). Additionally, the "standard for evaluating assertions of charging document error" is de novo. *State v. Dunn*, 304 Kan. 773, 819, 375 P.3d 332 (2016).

"Prosecutions in the district court shall be upon complaint, indictment or information." K.S.A. 22-3201(a). In this case, the State filed both a complaint and an information. Each stated:

"**COUNT 1. – FELONY POSSESSION OR CONTROL OF METHAMPHETAMINE**

3

"That on or about the 13th day of September, 2016, the said **DANA M. SIEBOLD**, within Clay County, Kansas, did then and there being, unlawfully and feloniously possess or have under her control a stimulant designated in subsection (d)(3) of K.S.A. 65-4107 and amendments thereto, to-wit: methamphetamine, in an amount of less than 1 gram, other than as authorized in the Kansas Uniform Controlled Substances Act, **FELONY POSSESSION OR CONTROL OF METHAMPHETAMINE**, in violation of K.S.A. 21-5706(b)(2), a Drug Severity Level 5 Felony."

Siebold notes that "[t]he facts alleged in this paragraph indicate that the State charged [her] with possession of methamphetamine." However, the State specifically cited K.S.A. 2016 Supp. 21-5706(b)(2) as the statute Siebold violated. This subsection of the statute does not apply to possession of methamphetamine. Methamphetamine possession is actually prohibited under subsection (a) of K.S.A. 2016 Supp. 21-5706, not subsection (b).

Complaints and informations should "state for each count the official or customary citation of the statute, rule and regulation or other provision of law which the defendant is alleged to have violated." K.S.A. 22-3201(b). However, "[e]rror in the citation or its omission shall not be ground for . . . reversal of a conviction if the error or omission did not prejudice the defendant." K.S.A. 22-3201(b). Here, the State made an error in its citation. It is clear from the rest of the charging document, however, that the State intended to charge Siebold with possession of methamphetamine. In her appellate brief, Siebold recognizes this by stating that "[t]he facts alleged in this paragraph indicate that the State charged Ms. Siebold with possession of methamphetamine."

This case is similar to *State v. Wright*, 221 Kan. 132, 557 P.2d 1267 (1976). There, the information was drawn in the language of K.S.A. 21-4202, but the statute referenced in the information was K.S.A. 21-4204. The defendant was convicted under K.S.A. 21-4202. The defendant did not "contend that he was misled or in any manner prejudiced; he base[d] his contention solely on the technical error." 221 Kan. at 140. The court held that

4

the typographical error did not entitle the defendant to a new trial. 221 Kan. at 140. Here, as in *Wright*, Siebold fails to argue that the error in the charging document misled her or caused prejudice. Therefore, the error is not grounds for reversal of her conviction.

Siebold argues that K.S.A. 22-3201(b) does not apply in this situation because she "is not complaining that the citation is erroneous." Rather, she is complaining that the State did not present sufficient evidence to convict her of violating the statute cited in the charging documents, K.S.A. 2016 Supp. 21-5706(b)(2). However, this court can apply the prejudice analysis of K.S.A. 22-3201(b) even though Siebold does not argue that the citation is erroneous. To refuse to apply the statute would render the prejudice analysis meaningless. If the State makes an error in the charging document by citing the wrong statute or subsection, it is unlikely that the State would present sufficient evidence at trial to support a guilty verdict under the erroneously cited statute or subsection. Rather, the State would present evidence at trial of the statute or subsection it intended to cite. Refusing to apply the K.S.A. 22-3201(b) prejudice analysis in these cases would result in offenders having their convictions reversed for nonprejudicial error. The purpose of K.S.A. 22-3201(b) is to prevent such reversals. This court "must construe statutes to avoid unreasonable or absurd results and presume the legislature does not intend to enact meaningless legislation." *State v. Englund*, 50 Kan. App. 2d 123, 126, 329 P.3d 502 (2014).

Although the State made a technical error in the charging documents by citing the wrong subsection of the statute, it is clear that the State intended to charge Siebold with possession of methamphetamine. Siebold does not make any arguments that there was insufficient evidence to support her possession conviction. An issue not briefed by the appellant is deemed waived or abandoned. See *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). Additionally, the jury watched the surveillance video from the Short Stop and found beyond a reasonable doubt that the baggie of methamphetamine fell out of Siebold's folded lottery tickets. The video is not a part of the record on appeal.

5

However, the video and testimony in this case, when viewed in the light most favorable to the State, provide sufficient evidence to sustain Siebold's conviction for possession of methamphetamine.

*The district court erred in assessing BIDS attorney fees without first making the proper inquiry.*

Siebold also argues that the district court erred in ordering her to pay $1,500 in BIDS attorney fees without making the proper inquiry. She asks this court to remand the attorney fees issue with instructions to apply the proper statutory inquiry.

Whether the district court adhered to the proper statutory procedure in assessing BIDS attorney fees is a question of law subject to unlimited review. *Robinson*, 281 Kan. at 539.

K.S.A. 22-4513(a) requires a defendant to reimburse BIDS for defense services expenditures. The statute also provides: "In determining the amount and method of payment of such sum, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose." K.S.A. 22-4513(b). The Kansas Supreme Court has explained that "the sentencing court, at the time of initial assessment, must consider the financial resources of the defendant and the nature of the burden that payment will impose *explicitly*, stating on the record how those factors have been weighed in the court's decision." *Robinson*, 281 Kan. at 546.

Prior to sentencing, Siebold filled out a form specifically designed to assist the district court in determining the amount of attorney fees that she was able to pay. In that form, Siebold wrote, "I struggle to make ends meet." Additionally, she noted that she was self-employed as a house cleaner and her average monthly income was $40.

6

The following exchange took place before the district court assessed the attorney fees:

> "[THE COURT:] Ms. Siebold, regarding assessment of attorney fees, do you have any dependents?
>
> "THE DEFENDANT: Excuse me?
>
> "THE COURT: Do you have any dependents?
>
> "THE DEFENDANT: No.
>
> "THE COURT: And you do have self-employment as a cleaner; is that right?
>
> "THE DEFENDANT: Right, and other things. I paint.
>
> "THE COURT: All right. The Court's going to assess you the attorney fees."

The court then ordered Siebold to pay $1,500 in attorney fees. The issue is whether the district court adhered to K.S.A. 22-4513 and our Supreme Court's direction in *Robinson* by making the proper inquiry before assessing BIDS attorney fees.

The State argues that the district court's inquiry is sufficient. It notes that the recommended attorney fee on the presentence investigation report was $2,600. The State concludes that "it would appear the court adequately evaluated the Defendant's financial circumstances as indicated by the fact the court cut the recommended attorney fees by almost half. This demonstrates consideration based on the Defendant's financial circumstances; exactly what the law requires the sentencing court to do."

Contrary to the State's assertion, the law requires more than implied consideration. The district court must explicitly state on the record (1) its consideration of the financial resources of the defendant, (2) the nature of the burden that payment will impose, and (3) how those factors have weighed in its decision. *Robinson*, 281 Kan. at 546. Kansas courts have consistently held that the three *Robinson* factors must be explicitly discussed. For example, in *State v. Wade*, 295 Kan. 916, 927, 287 P.3d 237 (2012), the Kansas Supreme Court held that the district court's inquiry was insufficient under *Robinson* because

7

"[a]lthough the court ascertained that Wade is employable and does work when he is not in prison, it did not ascertain his financial resources or the burden such reimbursement would cause him." In *State v. Knight*, 44 Kan. App. 2d 666, 671, 241 P.3d 120 (2010), the district court asked the defendant "when he could start paying the [BIDS] fee back and how much he could pay." This court held that the questioning was insufficient because the district court did not inquire into the defendant's financial resources, did not consider the nature of the burden reimbursing the fees would impose on the defendant, and the court did not state how it weighed those factors in coming to the decision to assess attorney fees on the defendant. 44 Kan. App. 2d at 687.

The district court erred by failing to adhere to K.S.A. 22-4513(b) and *Robinson*. So we are required to remand the case for the district court to consider Siebold's financial resources, the burden payment will impose on Siebold, and explicitly state on the record how those two factors weigh in its decision.

Affirmed in part, reversed in part, and remanded for the court to adhere to the mandates of *Robinson* in relation to the assessment of BIDS attorney fees.

8