NOT DESIGNATED FOR PUBLICATION

No. 117,796

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTINA A. CADENHEAD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; PAULA B. MARTIN, judge. Opinion filed August 3, 2018. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., PIERRON and MALONE, JJ.

PER CURIAM: Christina A. Cadenhead pled no contest to possession of methamphetamine. She objected to the classification of a 2005 burglary of a dwelling as a person felony, which resulted in a criminal history score of C. The district court denied her objection. She appeals.

Cadenhead was arrested for multiple warrants. During the December 2016 arrest, she admitted she had a needle in her front pants pocket. At the Douglas County detention

1

center, officers searched Cadenhead and found several baggies of methamphetamines in her pocket. She admitted the baggies belonged to her.

Cadenhead pled no contest to possession of methamphetamines with the understanding that she likely qualified for mandatory drug treatment under S.B. 123. Following her plea, the district court revoked Cadenhead's bond to allow her to complete necessary evaluations and maintain sobriety. The court ordered a presentence investigation (PSI) report for sentencing.

The PSI report showed Cadenhead had a criminal history score of C. The criminal history worksheet showed a 2005 conviction for burglary of a dwelling, under K.S.A. 21-3715, which had been classified as a person felony. Cadenhead objected to her criminal history score. She contended that under *State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), courts should designate prior convictions as either person or nonperson felonies based on the classification in effect when the current offense was committed.

In 2011, the Kansas Legislature recodified K.S.A. 21-3715 as K.S.A. 2011 Supp. 21-5807. Then, in 2016, the Legislature changed the designation of burglary of a dwelling to nonperson. See L. 2016, ch. 90, § 3. Cadenhead asserted that had the district court classified the prior burglary as a nonperson felony, her criminal history score would have been F.

The State argued the rule in *Keel* did not apply to Cadenhead because under K.S.A. 2017 Supp. 21-6811(d)(1), a prior burglary of a dwelling under K.S.A. 21-3715(a) is a person felony. Cadenhead countered that when two unambiguous statutes conflict, the rule of lenity required the district court to construe the statutes strictly against the State.

2

The district court determined that future defendants could address the apparent conflict with K.S.A. 2017 Supp. 21-6811(d)(1), but it did not affect Cadenhead because her conviction was under K.S.A. 21-3715(a) rather than K.S.A. 2016 Supp. 21-5807(a)(1), (c)(1)(A)(i). The court found that because the statutory inconsistency did not apply to Cadenhead, the prior felony was properly scored as a person felony. The court sentenced Cadenhead to an underlying term of 30 months in the Kansas Department of Corrections with 12 months of postrelease supervision. The court granted her 18 months of probation with the condition that she participate in the treatment program recommended by her probation officer.

Cadenhead appeals the classification of her prior burglary conviction. We affirm.

Cadenhead claims her criminal history score would have been F if her prior burglary of a dwelling had been properly classified as a nonperson felony. She contends that under *Keel*, the district court had to classify her prior burglary as a nonperson felony because when she committed her current offense, burglary of a dwelling was a nonperson felony.

Classification of a prior conviction as a person or nonperson offense involves interpretation of the Kansas Sentencing Guidelines Act (KSGA). *Keel*, 302 Kan. at 571. Statutory interpretation is a question of law over which this court has unlimited review. 302 Kan. at 571.

In 2005, Cadenhead was convicted of burglary of a dwelling under K.S.A. 21-3715(a), repealed and recodified in K.S.A. 2011 Supp. 21-5807(a)(1). Burglary of a dwelling under K.S.A. 21-3715(a) was a person felony.

Burglary of a dwelling under K.S.A. 2017 Supp. 21-5807(a)(1) has, for the most part, been classified as a person felony. But from July 1, 2016, until May 18, 2017, the Kansas Legislature changed the designation from person to nonperson. See K.S.A. 2016

3

Supp. 21-5807(c)(1)(A)(i); K.S.A. 2017 Supp. 21-5807(c)(1)(A)(i). We do not know why. Despite the designation change, K.S.A. 2016 Supp. 21-6811(d)(1) maintained that courts were to classify prior burglary of a dwelling convictions as person felonies. Cadenhead claims *Keel* controls and the district court should have designated her prior burglary of a dwelling as a nonperson felony. She also asserts that the 2016 statutes directly conflict with how to classify burglary of a dwelling and the conflict should be resolved in her favor.

The person or nonperson designation affects only the criminal history score for sentencing in subsequent offenses. In *Keel*, Keel claimed the district court had erred by classifying his January 1993 attempted aggravated robbery and aggravated robbery convictions as person felonies because prior to July 1, 1993, offenses had not been designated as person or nonperson offenses. The offense designations began when the Legislature implemented the KSGA in July 1993. While the KSGA provided instructions for classifying out-of-state convictions, the Legislature failed to include provisions for designating pre-KSGA in-state convictions or juvenile adjudications.

In *Keel*, the Supreme Court focused on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014); *State v. Williams*, 291 Kan. 554, 244 P.3d 667 (2010); and *State v. Vandervort*, 276 Kan. 164, 72 P.3d 925 (2003), *overruled in part by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). In *Vandervort*, the defendant had been convicted of numerous offenses that spanned from 1996 to 2000. The comparable Kansas statute for his prior out-of-state conviction changed from nonperson to person designation in 1998. Because the jury did not determine at what point in the four-year period the criminal conduct occurred, the Supreme Court determined the district court must sentence him using the lower criminal history. 276 Kan. at 180.

In *Williams*, the defendant appealed the person designation of her prior out-of-state convictions. When she committed the prior offenses, the comparable Kansas statute

4

designated the offense a person felony. But at the time of the commission of her current offense, the Legislature had amended the comparable Kansas statute to a nonperson designation. The Supreme Court found the district court correctly based its designation of the prior offenses on the Kansas statute in effect when she committed the prior offenses. 291 Kan. at 562.

In *Murdock*, the defendant appealed the person designation of his prior pre-KSGA, out-of-state convictions. The current comparable offense was designated a person felony. The prior offense was pre-KSGA and so had no designation. Although the comparable Kansas offense at the time of the current offense was designated a person felony, pre-KSGA convictions were designated nonperson offenses. Following *Williams*, the *Murdock* court found that because the statute in effect when he committed his prior offense was pre-KSGA, his prior convictions should have been designated nonperson offenses. 299 Kan. at 319.

The *Keel* court overruled *Williams* and *Murdock*, by holding that courts should base their designation of prior adult convictions and juvenile adjudications on Kansas offenses in effect at the time of the current conviction. 302 Kan. at 590. The *Keel* decision was the Supreme Court's interpretation of the 2014 sentencing statutory scheme. After *Murdock* but before *Keel*, the Kansas Legislature again revised the guidelines for determining criminal history in K.S.A. 2015 Supp. 21-6810 and K.S.A. 2015 Supp. 21-6811 to account for the classification omissions the Supreme Court sought to resolve in *Murdock*.

Under K.S.A. 2015 Supp. 21-6810(d)(2):

"All prior adult felony convictions, including expungements, will be considered and scored. *Prior adult felony convictions for offenses that were committed before July 1, 1993, shall be scored as a person or nonperson crime using a comparable offense under*

5

*the Kansas criminal code in effect on the date the current crime of conviction was*
*committed.*" (Emphasis added to 2015 addition.)

The Legislature added nearly identical language to K.S.A. 2015 Supp. 21-6810(d)(3) for classification of juvenile adjudications. The Legislature broke K.S.A. 2015 Supp. 21-6811(e) down into additional subsections. Under K.S.A. 2015 Supp. 21-6811(e)(3), prior out-of-state convictions are to be designated as follows:

"The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson, comparable offenses *under the Kansas criminal code in effect on the date the current crime of conviction was committed* shall be referred to. If the state of Kansas does not have a comparable offense *in effect on the date the current crime of conviction was committed*, the out-of-state conviction shall be classified as a nonperson crime." (Emphasis added to 2015 addition.)

In *Keel*, the court made its determinations based on cases in which the codified sentencing provisions provided no clear resolution, making statutory interpretation necessary. The court even noted that its decision was consistent with the statutory revisions made to K.S.A. 2014 Supp. 21-6810 and K.S.A. 2014 Supp. 21-6811. 302 Kan. at 590. In these revisions, effective April 2, 2015, the Kansas Legislature repaired the issues presented in *Murdock*, making changes only to the designation of pre-KSGA convictions, out-of-state convictions, and juvenile adjudications. Yet the Legislature did not include such an instruction for designation of in-state, post-KSGA convictions.

The *Keel* court declined to apply the revised statutes because they had not been in effect at the time of Keel's sentencing, noting that the Legislature's explicit intent that the amendments be applied retroactively was not dispositive because of implications under the Ex Post Facto Clause of the United States Constitution. 302 Kan. at 589. The Ex Post Facto Clause is inapplicable here because when Cadenhead committed the burglary of a dwelling, the offense was designated as a person felony.

6

The *Keel* court noted that for in-state prior convictions, "[w]hen the statute under which the prior conviction was obtained was still in effect, the structure of the KSGA . . . simply pointed the court to that statute to determine how to designate the prior conviction." 302 Kan. at 580. The court made no further reference to prior in-state, post-KSGA convictions before continuing its analysis of out-of-state convictions. It further reasoned that classifying prior convictions with the classification at the time of the current offense allows sentences to "reflect ever-evolving sentencing philosophies and correction goals," which disregards the ability of legislatures to apply amendments retroactively. 302 Kan. at 588.

This rationale become troublesome when applying the *Keel* rule to in-state, post-KSGA prior offenses for burglary of a dwelling under K.S.A. 2016 Supp. 21-5807(a)(1), (c)(1)(A)(i). The quick return to the person designation shows the Legislature recognized the change as an error. And designating the offense as a person felony for sentencing of a later conviction could create an Ex Post Facto issue. While application of the *Keel* rule is simple for offenses that do not have a designation at the time of conviction or even when the Legislature has decreased the classification for an offense, issues may arise if the Legislature's ever-evolving sentencing philosophy results in an increase to the designation or penalty.

"The power to proscribe the penalty to be imposed for the commission of a crime rests exclusively with the legislature, not the courts. The power of the legislature to specify the punishment for a crime is controlled by the Constitutions of the United States and the State of Kansas." *State v. Keeley*, 236 Kan. 555, 560, 694 P.2d 422 (1985). Because sentencing, including instruction for determining the appropriate sentence, is within the province of the Legislature, with the 2015 statutory revisions, *Keel* is no longer controlling.

7

Cadenhead contends that K.S.A. 2016 Supp. 21-5807(c)(1)(A)(i), which designated burglary of a dwelling as a severity level 7 nonperson felony, directly conflicts with K.S.A. 2016 Supp. 21-6811(d)(1), which provides that prior convictions under K.S.A. 21-3715(a), prior to its repeal, or K.S.A. 2016 Supp. 21-5807(a)(1) are to be designated as person felonies. She contends that the revisions to K.S.A. 2016 Supp. 21-5807(c)(1) established the legislative intent for burglaries without aggravating factors to constitute nonperson felonies. She also asserts that if we find K.S.A. 2016 Supp. 21-6811(d) controlled the classification, we will render the statutory revisions meaningless because no scenario exists under which burglary of a dwelling would be designated a nonperson felony.

"When there is a conflict between two statutes the latest legislative expression generally controls. But when the conflict is between a general principle of law and a more specific enactment, the more specific statute controls." *State v. Englund*, 50 Kan. App. 2d 123, Syl. ¶ 3, 329 P.3d 502 (2014). When the Legislature revises an existing law, the courts presume the changes were intentional and done with full knowledge of existing law. 50 Kan. App. 2d at 126. Cadenhead asserts K.S.A. 2016 Supp. 21-5807 is more specific, and the State asserts K.S.A. 2016 Supp. 21-6811 is.

Under K.S.A. 2016 Supp. 21-5807:

> "(a) Burglary is, without authority, entering into or remaining within any:
> (1) Dwelling, with intent to commit a felony, theft or sexually motivated crime therein;
> . . . .
> "(c)(1) Burglary as defined in:
> (A)(i) Subsection (a)(1) or (a)(2) is a severity level 7, nonperson felony, except as provided in (c)(1)(B)."

Subsection (a)(1) provided the elements of burglary of a dwelling. Subsection (c)(1) provided the severity level and the nonperson designation. Following *Murdock*, the Kansas Legislature also revised K.S.A. 2015 Supp. 21-6811 (effective April 2, 2015) to include subsection (j), stating: "The amendments made to this section . . . are procedural in nature and shall be construed and applied retroactively."

The applicable subsections of K.S.A. 2016 Supp. 21-6811 state:

"In addition to the provisions in K.S.A. 2016 Supp. 21-6810, and amendments thereto, the following shall apply in determining an offender's criminal history classification as contained in the presumptive sentencing guidelines grids:

. . . .

"(d) Prior burglary adult convictions and juvenile adjudications will be scored for criminal history purposes as follows:

(1) As a prior person felony if the prior conviction or adjudication was classified as a burglary as defined in K.S.A. 21-3715(a), prior to its appeal, or K.S.A. 2016 Supp. 21-5807(a)(1), and amendments thereto.

. . . .

"The facts required to classify prior burglary adult convictions and juvenile adjudications shall be established by the state by a preponderance of the evidence.

. . . .

"(j) The amendments made to this section by Chapter 5 of the 2015 Session Laws of Kansas are procedural in nature and shall be construed and applied retroactively."

This statute is part of the revised KSGA, K.S.A. 2017 Supp. 21-6801 et seq. The person designation under K.S.A. 2016 Supp. 21-6811(d)(1) is explicitly to determine criminal history for sentencing.

Though K.S.A. 2016 Supp. 21-5807(a)(1) and (c)(1) are specific to the offense of burglary and includes the severity level and nonperson designation for future sentencing, K.S.A. 2016 Supp. 21-6811(d)(1) is specific to the purpose for which it is being used

9

here—sentencing for a subsequent offense. It also provides the State's burden of proof in proving prior convictions. When considered along with the legislative omission of an in-state, post-KSGA rule for designation at the time of the current offense, it seems the person/nonperson designation in K.S.A. 2016 Supp. 21-5807(c)(1) is for determination of an offender's criminal history score in current offenses rather than for designation of prior offenses for criminal history. Even so, the designation in K.S.A. 2016 Supp. 21-6811(d)(1) provides instruction for designating any prior conviction for burglary of a dwelling when scoring it for sentencing. Thus, K.S.A. 2016 Supp. 21-6811(d)(1) provides a specific enactment.

Cadenhead contends we are to presume a Legislature makes amendments intentionally with full knowledge of the law. While it is unknown why the Legislature changed burglary of a dwelling from a person designation to a nonperson designation for 10 months, based on the statutory scheme, only an offender with a conviction under K.S.A. 2016 Supp. 21-5807(a)(1) could challenge a person designation for sentencing of a subsequent conviction. We affirm.

Affirmed.